JOURNAL ENTRY and OPINION
Defendant-appellant Keith Thomas appeals from the domestic relations court order obligating him to pay the unreimbursed portions of his daughter's orthodontia and psychological counseling bills. We find merit to the appeal, in part, and reverse and remand for further proceedings.
The parties were divorced on February 16, 1994. Pursuant to the divorce decree, appellant was required to maintain health insurance for the three minor children (Jessica, DOB 8/24/85; Heather, DOB 4/25/88; and Kevin, DOB 2/27/91). The uninsured and unreimbursed expenses were to be divided between the defendant and plaintiff as follows:
 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that both Obligor and Obligee be responsible for co-payments/deductible costs * * * in accordance with the following formula: Mother pays first $100.00 each child per year, excess divided 73/27.
 Reimbursement for out-of-pocket medical, optical, hospital, dental, or prescription expenses paid for the following children Jessica, Heather and Kevin.
(Divorce Decree, February 16, 1994).
On December 1, 1999, the plaintiff filed a motion to show cause regarding certain child-related expenses incurred for orthodontia and psychological counseling at Bellefaire/Jewish Children's Hospital. Plaintiff requested that the defendant be ordered to pay 73% of unreimbursed orthodontic expenses in the amount of $4,200 which were incurred in 1996 by the parties' daughter Jessica. Plaintiff also requested that the defendant be ordered to pay 73% of counseling expenses in the amount of $360 incurred by Jessica in 1999.
On February 22, 2000, a hearing was conducted before a magistrate. Plaintiff testified that when she first looked for an orthodontist for Jessica, she contacted three dentists in the defendant's plan. Plaintiff felt that two of the dentists were too far away because she would have to take time from work to take Jessica to her appointments. The third doctor was conveniently located but his office was not sanitary. Unhappy with the choices, plaintiff asked her dentist for a referral and was referred to the orthodontist that the daughter is currently using. This orthodontist was not in the network covered by the defendant's insurance at that time.
According to the plaintiff, she called the defendant and told him about which orthodontist she had chosen and informed him of the payment plan. Plaintiff stated that the defendant responded by saying he was not paying anything. She stated that several times thereafter she orally requested payments from the defendant and he responded, that is what child support is for. Plaintiff stated that she did not file a motion to show cause at that time because she could not afford an attorney. In 1999, she began sending letters to the defendant requesting payment. According to plaintiff, she paid approximately $3,317 for the orthodontia treatment. She admitted that her insurance company reimbursed her in the amount of $916.75.
Plaintiff also explained that her daughter Jessica needed counseling due to the rejection the daughter was experiencing from defendant. Defendant refused to exercise his visitation with Jessica for over a year because he was angry with her. Plaintiff stated that she was required on some occasions to sit in on the therapy to learn how to deal with her daughter's anger. Plaintiff stated that the defendant's insurance covered a portion of the counseling, but that $460 in co-payments remained unpaid.
Defendant testified that plaintiff did not tell him that Jennifer needed braces until October 1996. Defendant claimed that he informed the plaintiff that she needed to use an in-network orthodontist because he had a $2,500 cap on his insurance. The trial court would not permit the defendant to enter into evidence hearsay in the form of an e-mail from Metlife stating that in 1996 the cap was $2,500 for orthodontia treatment.
According to the defendant, the plaintiff told him not to worry about the payments because she would take care of it by cashing in gold that she had. Defendant stated that it was not until May 7, 1999, upon receiving a letter from the plaintiff requesting payment, that he was put on notice that she wanted him to pay for the orthodontia treatment. He did not pay the amount at that time, but passed the letter on to his attorney as he did with the plaintiff's letters requesting payment for his daughter's counseling.
Kelly Mazzulo, the records custodian for the orthodontist, testified that the treatment for Jessica began in November 1996. She stated that the total fee for the braces was $4,300, which was to be paid with a monthly check. She stated that the amount currently remaining on the contract was $1,085.86, with $689.96 currently due and owing.
Nancy Mizen, the Clinical Records Coordinator from Bellefaire/Jewish Children's Hospital testified that the plaintiff and her three children were in the PACT (Parents and Children Together) program which was counseling for the entire family. Mizen admitted that she takes no part in the counseling, and therefore she was not aware of what exactly the counseling for the Thomas family was for.
Both attorneys then presented evidence in support of their attorney fees.
On March 8, 2000, the magistrate issued a decision with findings of facts and conclusions of law. The magistrate found both parties are responsible for the delay and controversy over the orthodontia bill. (Mag. Opinion at 2). The magistrate found, regarding the obligation to pay the bills, as follows:
 As to the issue of uninsured and unreimbursed orthodontia and psychological counseling, Plaintiff paid $4,300 for orthodontia for the parties' minor child, Jessica. Defendant's obligation toward these amounts is 73% of the total paid. Insurance reimbursement was $916.75 plus mother's responsibility of $100.00. Defendant owes as reimbursement to plaintiff $2,397.77 for the orthodontia treatment for Jessica. Defendant's obligation for Bellefaire treatment for Jessica is $318.28.
(Mag. Opinion at 2).
The magistrate also found that the defendant was not in contempt but denied the defendant's request for attorney fees finding, neither party cooperated with the other to resolve these issues. (Mag. Opinion at 2).
On June 13, 2000, the trial court overruled the defendant's objections and adopted the magistrate's decision.
Defendant timely appeals and asserts three assignments of error.
 I. THE COURT'S FINDINGS AND ORDER AS TO MR. THOMAS' RESPONSIBILITY FOR THE ORTHODONTIA EXPENSE WERE INCORRECT.
Defendant sets forth several arguments in this assignment of error, all of which concern his obligation to pay his daughter's orthodontist bill.
We find no merit to the defendant's contention that laches applies to the orthodontia payment obligation. The magistrate specifically found that both parties were responsible for the delay regarding the payment of the orthodontia bill. This finding was supported by sufficient evidence because the plaintiff testified that when she initially informed the defendant of the payment plan he told her he would not pay. According to the plaintiff, several times thereafter she orally requested payment from the defendant, only to be told, that's what child support is for. Although the defendant contends plaintiff never told him about the bills and that plaintiff represented to him that she was going to pay the expenses, credibility is in the fact finder's discretion. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
We also find that although $4,300 was the amount for the entire orthodontia contract, the magistrate correctly calculated the amount owed by the defendant. The records custodian for the orthodontist testified that the orthodontia contract in its entirety cost $4,300. She stated that this total amount is billed monthly to the patient and the patient must seek reimbursement from the insurance company. According to the records custodian, $1,085.96 remained on the contract with $685.96 currently due and owing.
Plaintiff testified that she paid a total of $3,317 and that $917.75 was reimbursed by her insurance company. Therefore, deducting both plaintiff's $100 obligation and $917.75 from the amount on the contract and multiplying by 73%, the magistrate correctly calculated the defendant's obligation as $2,396.77.
We find merit to the defendant's argument that he should be required to pay the amount ($396) remaining on the contract directly to the orthodontist instead of to the plaintiff. The exhibit depicting the orthodontia payment plan indicated the payments had to be completed within 46 months from the date of November 23, 1996, which would be September 23, 2000. Assuming the plaintiff did not already pay the contract in full, any amounts remaining on the contract, that remain unpaid by the plaintiff, should be paid directly to the orthodontist because he is the individual who is owed the money.
Although defendant argues that the plaintiff should be obligated to bear the cost of choosing an orthodontist outside the network, we find the divorce decree did not place such restrictions on choosing medical care. Furthermore, the plaintiff explained that the providers on the defendant's list were not acceptable, two due to the distance and one based on sanitation concerns. Defendant failed to present evidence that the choices provided were in fact reasonable. In lieu of evidence that the listed providers were reasonable, we find no reason to penalize the mother for choosing a doctor outside of the network.
Regarding the defendant's challenge of plaintiff's credibility when she testified about checking three of the doctors on the provider list, we defer issues of credibility to the magistrate as the finder of fact. Seasons Coal Co. v. Cleveland, supra.
Defendant's first assignment of error has merit in part.
 II. THE COURT ERRED IN ITS FINDINGS AND ORDER AS TO THE BELLEFAIRE COUNSELING BILLING BY MISCALCULATING THE AMOUNT OF THE EXPENSE AND BY FAILING TO DETERMINE THAT THE COST WAS INCURRED FOR FAMILY THERAPY, NOT FOR AN INDIVIDUAL CHILD.
Defendant argues that the trial court erred in finding that the counseling treatment was for the parties' daughter Jessica only, instead of family counseling which included the plaintiff. Defendant also argues the trial court failed to deduct the plaintiff's $100 obligation from the amount and that the trial court erred in requiring the payment be made to plaintiff directly instead of to Bellefaire.
The plaintiff admitted at the hearing that she did attend some of the counseling sessions; however, her attendance was required in order to learn how to manage Jessica's anger problem. Because the cost incurred was for the daughter's benefit, the trial court did not err in allocating the plaintiff's sessions to the total amount.
We find merit, however, to the defendant's contention that the trial court failed to deduct the mother's annual $100 obligation from the outstanding amount. The counseling was incurred in 1999 and 2000. We agree with plaintiff that the $100 obligation applies annually to all medical expenses incurred in total for each child and not by each medical event. A copy of the orthodontist billing record indicates that in 1999 and 2000 the mother did make over $100 in payments towards Jessica's orthodontist bill. However, it appears that the trial court is treating the $4,300 as one medical payment in 1996 and only deducting $100 from that amount. Therefore, the plaintiff has been reimbursed for any payments in excess of the $100 payment for 1996.
Therefore, in order to get credit for the $100 deduction in later years, plaintiff needed to present evidence of other medical payments made on Jessica's behalf in 1999 and 2000. No such evidence was presented. We find that the trial court erred and should have deducted $100 for each year in 1999 and 2000 on Jessica's counseling bills. We therefore reverse and remand for the trial court to recalculate the amount of defendant's payment obligation for Jessica's counseling.
We also find that since none of the amount was paid by the plaintiff, that the amount due and owing should be paid directly to Bellefaire/Jewish Children's Hospital.
Defendant's second assignment of error has merit in part, and the matter should be remanded.
 III. THE TRIAL COURT'S FINDING AND ORDER THAT MR. THOMAS IS NOT ENTITLED TO ATTORNEY FEES WAS INCORRECT, AS THE COURT INCORRECTLY DETERMINED THAT BOTH PARTIES WERE RESPONSIBLE FOR DELAY AND CONTROVERSY IN THIS MATTER.
Defendant argues that because the trial court found him not in contempt, plaintiff should have been ordered to pay the attorney fees which the defendant incurred to defend the motion to show cause.
We defer to the magistrate, as the finder of fact, in finding both parties were responsible for the delay in payment of the daughter's medical bills. As we stated in the first assignment of error, evidence was presented that the plaintiff had orally informed the defendant of the orthodontia contract amount and defendant responded that's what child support is for. Given this evidence, we cannot say the magistrate erred in finding that the defendant contributed to the delay in payment. Therefore, the magistrate correctly denied the defendant's motion for attorney fees.
Defendant's third assignment of error is overruled.
Judgment affirmed in part, and reversed and remanded in part.
It is ordered that appellee and appellant share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Domestic Relations Division of the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _________________________ COLLEEN CONWAY COONEY, J.
TIMOTHY E. McMONAGLE, P.J. AND KENNETH A. ROCCO, J. CONCUR